### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

PAUL MILLER and
MARILYN MILLER                                   :
           Plaintiffs,                   :
                                 :
           v.                            :        Civ. No. 3:09CV1024 (PCD)
                                 :
JOANNE FAULKNER and
TINA PACHECO,                                     :
           Defendants.                   :

### RULING ON PENDING MOTIONS

On June 25, 2009, Plaintiffs Paul and Marilyn Miller brought this complaint pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §42-110a, against Defendants Joanne Faulkner and Tina Pacheco.  Plaintiffs allege unfair and deceptive debt collection practices [Doc. No. 1].  Defendant Tina Pacheco filed a counterclaim against Plaintiff Marilyn Miller, which also alleges unfair debt collection practices pursuant to the FDCPA, 15 U.S.C. § 1692, CUTPA, Conn. Gen. Stat. §42-110a, and the Connecticut Consumer Collection Agency Act ("CCCAA"), Conn. Gen. Stat. § 36a-800 *et seq* [Doc. No. 4].

**I.  Motion to Suspend Electronic Filing**

On July 29, 2009, Plaintiff Paul Miller moved to Suspend Electronic Filing [Doc. No. 7]. This motion is hereby **denied** as Plaintiff cites no reason why electronic filing is prejudicial to his case.

**II.  Motions to Disqualify Counsel**

On July 29, 2009, Plaintiff Paul Miller moved to Disqualify Counsel [Doc. No. 9] and to Strike Joanne Faulkner's appearance on behalf of Defendant Pacheco [Doc. No. 10].  Plaintiff's

motions rely on Local Rule 83.13(a) which states: "a lawyer shall not accept employment in contemplated or pending litigation if he or she knows or it is obvious that he or she or a lawyer in the same firm ought to be called as a witness." Faulkner is a co-defendant in this case and it is therefore possible that she would be called testify should the case reach trial. However, it is not at all clear that this case will proceed to trial. It will not harm Plaintiffs' case for Faulkner to act as Pacheco's advocate in the preliminary stages of this matter, as no witnesses will be called or discovery taken. However, disqualification would be highly prejudicial to Pacheco, as Faulkner was her attorney even before the filing of this suit. Plaintiff's motions are **denied without prejudice**. Should the case proceed to stages where Faulkner is likely to be called as a witness, Plaintiff may renew his motion.

### III.  Motions to Strike

On July 29, 2009, Plaintiff Paul Miller filed a Motion to Strike Counterclaim [Doc. No. 11], a Motion to Strike Motion for Summary Judgment [Doc. No. 12], and a Motion to Strike Motion for Summary Judgment on Counterclaim [Doc. No. 20]. Plaintiff's sole objection to these motions is his argument concerning the impropriety of Faulkner acting as Pacheco's attorney. As just discussed, Plaintiff's objections to Faulkner as Pacheco's advocate are unfounded at this stage. Furthermore, Plaintiff's motions are procedurally improper. Fed. R. Civ. P. 12(f) provides that a court may strike from "any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." A motion for summary judgment motion is not a pleading and although a counterclaim is a pleading, Plaintiff does not allege that either contain immaterial, impertinent or scandalous matter. Therefore, Plaintiff's Motions to Strike are **denied.**

**IV. Defendants' Motion for Default Judgment on Counterclaim as to Marilyn Miller.**

Defendants have moved for Entry of Default against Plaintiff Marilyn Miller pursuant to Fed. R. Civ. Pro. (55)(a) for failure to plead or otherwise defend the counterclaim [Doc. No. 18]. Plaintiff Marilyn Miller did not respond to the counterclaim and is therefore in default. Although Plaintiff Paul Miller moved to strike the counterclaim, he cannot file on behalf of Marilyn Miller unless he is her licensed attorney. *Pro Se* Plaintiff Marilyn Miller must file and sign motions on her own behalf. Furthermore, as discussed above, the motion to strike was not a procedurally proper response to the counterclaim. Therefore, Defendants' motion is **granted.**

**V.  Motion for Summary Judgement**

**A. Background**

On July 7, 2009, Defendants moved for Summary Judgment [Doc. No. 5]. Plaintiffs have not filed an opposition to this motion.

Plaintiffs' complaint alleges that Defendants Faulkner and Pacheco "acted like a consumer collection agency" (Compl. ¶¶ 4,5.) Plaintiffs argue that Defendants sent several emails and phone messages in a "extortionate and coercive attempt." (Id. ¶¶6-12.)   However, Defendants' 56(a)(1) statement[1] clarifies that neither Defendant is in the business of consumer debt collection. Plaintiffs have failed to respond to this motion. They have not explained their conclusory allegation that Defendants "acted" like a consumer collection agency nor shown any

─────────────────────

1. Defendant's Local Rule 56(a)(1) statement is deemed admitted as Plaintiff failed to file a Local Rule 56(a)(2) statement. Local R. 56 states: "all material facts set forth in said statement and supported by the evidence will be deemed admitted unless controverted by the statement required to be filed and served by the opposing party in accordance with Local Rule 56(a)(2)."

relation between the communication and an attempt to collect debt.

Defendant Faulkner is Defendant Pacheco's lawyer in an earlier filed case, Pacheco v. [Collection Agency], Marilyn Miller, and Paul Miller, Civil No. 3:09cv00488(AWT), which alleges that the Plaintiffs in this case violated the FDCPA.  Acting as Defendant Pacheco's agent, Defendant Faulkner did email and leave phone messages for the Plaintiffs, as noted in the complaint.  However, the communication was an attempt at pre-litigation settlement efforts for Pacheco v. Miller et al. (Faulkner Dec. ¶ 5.)  The communications were not an attempt to collect debt, extort, or threaten.  It appears that Plaintiffs filed this suit in retaliation for Plaintiff's complaint in Pacheco v. Miller.

**B. Standard**

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  No genuine issue of material fact exists and summary judgment is therefore appropriate when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  A material fact is one which "might affect the outcome of the suit under the governing law," and an issue is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  However, "[c]onclusory allegations will not suffice to create a genuine issue."  Delaware & H.R. Co. v. Conrail, 902 F.2d 174, 178 (2d Cir. 1990).  The moving party bears the burden of establishing that summary judgment is appropriate.  Anderson, 477 U.S. at 225.  "A defendant

need not prove a negative when it moves for summary judgment on an issue that the plaintiff must prove at trial.  It need only point to an absence of proof on the plaintiff's part, and, at that point, plaintiff must 'designate specific facts showing that there is a genuine issue for trial.'" Parker v. Sony Pictures Entm't, Inc., 260 F.3d 100, 111 (2d Cir. 2001) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)).

In determining whether a genuine issue has been raised, all ambiguities are resolved and all reasonable inferences are drawn against the moving party.  United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Quinn v. Syracuse Model Neighborhood Corp., 613 F.2d 438, 445 (2d Cir. 1980).  Determinations of the weight to accord evidence or assessments of the credibility of witnesses are improper on a motion for summary judgment as such are within the sole province of the jury.  Hayes v. New York City Dep't of Corr., 84 F.3d 614, 619 (2d Cir. 1996).  "If reasonable minds could differ as to the import of the evidence . . . and if . . . there is any evidence in the record from any source from which a reasonable inference in the nonmoving party's favor may be drawn, the moving party simply cannot obtain a summary judgment." R.B. Ventures, Ltd. v. Shane, 112 F.3d 54, 59 (2d Cir. 1997) (internal citations omitted); see also Sologub v. City of New York, 202 F.3d 175, 178 (2d Cir. 2000) ("When reasonable persons applying the proper legal standards could differ in their responses to the questions raised on the basis of the evidence presented, the question is best left to the jury.").

## C.  Discussion

The FDCPA and corresponding state law (CUTPA) simply do not apply here.  The federal and state fair debt collection acts apply to "debt collectors" in order to protect "consumers." 15 U.S.C. § 1692.  Plaintiffs are not "obligated or allegedly obligated to pay any

debt" and therefore are not "consumers" protected by 15 U.S.C. § 1692(a)(3).  Likewise,

Defendants are not "debt collectors" under 15 U.S.C. § 1692(a)(6), as they do not "regularly

collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or

due another."  Therefore, the FDCPA does not govern Defendants' communications with the

Plaintiffs. See 15 U.S.C. § 1692 *et seq;* see also Kolker v. Duke City Collection Agency, 750 F.

Supp. 468, 469 (D .N. M. 1990); Riveria v. MAB Collections, Inc., 682 F. Supp. 174, 175

(W.D.N.Y. 1988).

Defendant Faulkner is an attorney who represents clients in cases against debt collectors.

(Faulkner Dec ¶ 4.)  Neither she nor Defendant Pacheco ever collect consumer debts.  An

attorney's attempts to engage in settlement negotiations on behalf of her client is not covered,

never mind prohibited by, the FDCPA or CUTPA.  There is no question of material fact for the

jury.  Summary judgment is therefore **granted** as to both of Plaintiffs' counts.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Motions to Suspend Electronic Filing [Doc. No. **7**],

Disqualify Counsel [Doc. No. **9**], Strike Appearance [Doc. No. **10**], Strike Counterclaim [Doc.

No. **11**], and Strike Summary Judgment [Doc. No. **12**, **20**] are **denied.**

Defendants' Motions for Summary Judgment [Doc. No. **5**] and Default [Doc. No. **18**] are

**granted**.

 SO ORDERED.

Dated at New Haven, Connecticut, this  1st  day of September, 2009.

/s/
_____
Peter C. Dorsey
U.S. District Judge
